**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLYDE LYNCH (#214659)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARDEN LYNN COOPER** | **NO. 11-0855-JJB-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 26, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CLYDE LYNCH (#214659)**                                         **CIVIL ACTION**

**VERSUS**

**WARDEN LYNN COOPER**                                        **NO. 11-0855-JJB-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Clyde Lynch, challenges his convictions and sentences, entered in 1993 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on two counts of armed robbery. He challenges the resulting concurrent 50-year sentences, asserting that the trial court erred by imposing sentences which were greater than those appropriate under the then-applicable state sentencing guidelines and that the court did so based upon judicial findings of fact not presented to or made by the jury, in violation of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

From a review of the petitioner's allegations and the attachments to his application, it appears that he was sentenced on October 28, 1993, in connection with the charged offenses. At the time of sentencing, the maximum penalty for each offense was 99 years in confinement. In accordance with the then-applicable legislative sentencing guidelines, the state probation office recommended sentences of between 12 and 21 years in confinement for each of the charged offenses. The state trial court, however, made a determination to deviate from the referenced guidelines and imposed a harsher sentence based upon specific judicial findings, notably that the petitioner (1) had knowingly created a risk of death or great bodily injury to more than one person, (2) had used threats of actual violence while committing the referenced offenses, (3) had a criminal record which included a prior felony conviction "for this type of offense", (4) was continuing to deny involvement in the events alleged, and (5) had caused a significant amount of mental anguish to

the victims of the charged offenses. Based upon these findings, the trial judge sentenced the petitioner to 50 years in confinement on each of the two counts, with these sentences to run concurrently.

The petitioner appealed the above-referenced convictions and sentences, asserting claims not pertinent to this proceeding and, on May 5, 1995, the Louisiana Court of Appeal for the First Circuit affirmed the trial court's findings. State v. Lynch, 655 So.2d 470 (La. App. 1st Cir. 1995). The petitioner thereafter sought supervisory review in the Louisiana Supreme Court and, on November 13, 1995, that Court denied such review. State v. Lynch, 662 So.2d 466 (La. 1995). Inasmuch as the petitioner did not apparently seek further discretionary review before the United States Supreme Court, his convictions became final on or about February 11, 1996, after expiration of the 90-day period allowed for him to do so.

The petitioner asserts that approximately 2 ½ years later, on November 13, 1998, he filed his first application for post-conviction relief, asserting claims that again are not pertinent to this proceeding. According to the petitioner, this application was denied in the trial court on April 28, 1999, and he did not seek further review of this determination in the Louisiana appellate courts.

Finally, the petitioner asserts that on or about September 10, 2010, he filed a Motion to Correct Illegal Sentence in the state trial court, asserting the claim which is now raised in this proceeding. According to the petitioner, this application was denied in the state trial court on September 15, 2010, and his subsequent applications for supervisory review in the state appellate courts were also denied, with the intermediate appellate court denying same on December 17, 2010, and with the Louisiana Supreme Court denying same on December 2, 2011. See State ex rel. Lynch v. State, 76 So.3d 1164 (La. 2011). In denying review, the Louisiana Supreme Court explicitly found that the petitioner's application was both untimely and procedurally barred, relying inter alia upon Louisiana Code of Criminal Procedure article 930.8 (which at the time of the petitioner's conviction provided a three-year limitations period for the filing of an application for post-conviction relief) and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996) (holding that a

petitioner's claim regarding an alleged excessive sentence is not cognizable in an application for post-conviction relief).

On December 27, 2011, the petitioner filed the instant habeas corpus proceeding in this Court. Based upon the foregoing, the Court concludes that the application is untimely and is also procedurally defaulted.[1]

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This statute provides, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

28 U.S.C. § 2244(d)(1) and (2).

In the instant case, the petitioner's conviction became final before April 24, 1996, the effective date of the above-referenced limitations statute. Allowing for a one-year grace period

---

[1] A district court is permitted to consider, sua sponte, the timeliness of a state prisoner's habeas corpus petition. Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). Although this Court does not have before it the certified state court record, the Court is relying upon affirmative statements made by the petitioner in his pleadings as well as excerpts from the state court record which the petitioner has appended to his application.

commencing on that date, established by Fifth Circuit precedent for convictions which became final prior to the effective date, see Flanagan v. Johnson, 154 F.3d 196 (5th Cir. 1998), the petitioner would normally need to have filed his habeas application in this Court by April 24, 1997, in order for it to be deemed timely. Id. The petitioner does not contend that he met this deadline. Nor does he assert that he filed or had pending, during either the 2½ year period between April, 1996 (the effective date of the limitations statute), and November, 1998 (the date that he filed his first application for post-conviction relief in state court), or during the 11½ year period between April, 1999 (when his state post-conviction relief application was denied), and September, 2010 (when he filed his Motion to Correct an Illegal Sentence in state court), any state court post-conviction relief proceedings which might have tolled the limitations period. It is clear, therefore, that the petitioner's claim is time-barred pursuant to § 2244(d) and must be dismissed.

Further, although this Court has the power to equitably toll the limitations period in exceptional circumstances, Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), this Court finds no compelling reason to recommend tolling in this case.

Finally, it appears that the petitioner's claim is subject to dismissal by reason of procedural default. In this regard, it appears that although the petitioner raised the instant claim in the state court in his motion to correct illegal sentence, the claim was ultimately rejected by the Louisiana Supreme Court, with that Court expressly relying on state procedural rules in denying consideration thereof.

When a state court decision to deny post-conviction relief rests on a state procedural basis that is independent of the federal question raised by the petitioner and is adequate to support the judgment, the federal court lacks jurisdiction to review the merits of the petitioner's federal claims. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Moore v. Roberts, 83 F.3d 699 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a

state procedural requirement." Coleman, supra, 501 U.S. at 729-730, 111 S.Ct. at 2554:

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

Id. at 731-32, 111 S.Ct. at 2554-55 (quoting Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982)); Moore, supra, at 703.

For the independent and adequate state ground doctrine to apply, the state court adjudication of a habeas petitioner's claim must have been, as here, explicitly based on a state procedural rule. Moore, supra, at 702; Sones v. Harbett, 61 F.3d 410, 416 (5th Cir. 1995). The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Id. The petitioner can rebut this presumption only by establishing that the procedural rule is not "strictly or regularly followed" or, notwithstanding, by (1) demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) demonstrating that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, supra, 501 U.S. at 750, 111 S.Ct. at 2565; Moore, supra, at 702. The petitioner has made no attempt to make these showings. Accordingly, the Court is precluded from considering the petitioner's claims for this reason as well.[2]

---

[2] The Court further finds that the petitioner's claim is substantively without merit. In Blakely v. Washington, supra, the United States Supreme Court applied the rule announced by the Court in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), specifically that a state trial court may not impose a criminal sentence higher than the statutory maximum allowed for the offense charged based on judicial findings of facts which have not been presented to a jury and proved beyond a reasonable doubt. In the instant case, however, the petitioner was found guilty of two counts of armed robbery, each of which carried a maximum sentence of 99 years in confinement. Inasmuch as the trial court's sentence in the instant case was well within that statutory range, there was no violation of Blakely or Apprendi. Further, the Blakely and Apprendi decisions have not been made retroactive to cases on collateral review and, so, the petitioner's claims relative thereto are not properly before the Court in any event. See In re Elwood, 408 F.3d 211 (5th Cir. 2005) (noting that "the Supreme Court has strongly suggested that Apprendi, and, by logical extension, Blakely ..., do not apply retroactively on collateral review.")

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed as untimely and as barred by procedural default.

Signed in Baton Rouge, Louisiana, on April 26, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**